SAUFLEY, C.J., and ALEXANDER, J.,
dissenting.
[¶ 16] We must respectfully dissent.
[¶ 17] For twenty-seven years, Christopher Knight lived, as the Court’s opinion *1051 notes, “in complete isolation in the woods.” Court’s Opinion ¶2. The record reflects that during those twenty-seven years, Knight stole items from others to provide himself with life’s necessities. His burglaries and thefts caused local property owners to feel that they were constantly being watched as their possessions disappeared from their homes and “to spend thousands of dollars on repairs and materials” because of the “magnitude of the impact” that Knight’s conduct had on them.
[¶ 18] Once Knight was finally discovered, law enforcement had to make heavy, damaging use of a private road to clear the land of the amassed stolen items and return at least some of those items to the victims. The sentencing court required Knight, as part of his restitution sentence, to reimburse the State for the modest cost of repairing that road. We would affirm the court’s decision.
[¶ 19] With the agreement of the State, Knight was convicted of and sentenced on only a very few burglary and theft charges despite his years of living off the possessions of others. He was sentenced to seven unsuspended months of incarceration, with an underlying potential sentence of five years. Additionally, he was placed on probation for three years and ordered to pay an agreed amount of $1,894.75 in restitution to a few of his victims, plus the additional restitution of $1,125, which Knight contested, to reimburse the State for sums paid to a private individual to repair the road that was damaged in the recovery of the property stolen from Knight’s victims.
[¶ 20] The trial court determined, we would conclude correctly, that the cost to repair the road was a legitimate restitution cost as an environmental cleanup expense, see 17-A M.R.S. §§ 1322(3)(C-1), 1325(1) (2015), resulting from the State’s use of the private road to clear the hideout of the stolen property and return that property to Knight’s victims. The State’s costs to repair the road were recoverable by the State pursuant to 17-A M.R.S. § 1322(3)(C-1) because those costs were incurred incident to clearing the stolen items from land that was not Knight’s own, with the hope of returning some of the stolen items to the victims of Knight’s thefts. Knight’s crimes resulted in damage to the land as law enforcement traversed the land to recover the stolen property. Thus, we would determine, as did the trial court, that these are costs recoverable as restitution falling within the definition of an “[e]nvironmental clean-up expense,” which means “any reasonable expense incurred for products and services needed to clean up any harm or damage caused to the environment,” id., and that the government is a “victim” because it suffered the loss of those funds in the course of that environmental cleanup, see 17-A M.R.S. § 1322(7) (2015). It is no more complicated than that.
[¶ 21] If one or several of the victims had undertaken, on their own, recovery of the items stolen from them and found at Knight’s hideout, the costs to repair the road, if paid by the victims as a necessary cost of recovery of the items, would be payable as restitution. The State, acting in place of the victims, is in the same position and entitled to recover the same costs that victims otherwise might have incurred for recovery of the stolen items. See 17-A M.R.S. § 1324(3) (2015). Therefore, we would conclude that the trial court acted properly in ordering Knight to pay the $1,125 cost for repair of the road damaged incident to investigation and recovery of the stolen items.
[¶ 22] The State’s costs to recover items from Knight’s hideout were undoubtedly caused by his criminal activities, yet the Court holds that Knight need not reim *1052 burse the State for those costs. Given the Court’s narrow reading of the statute, we would urge the Legislature to clarify the restitution provisions so that a person who commits similar criminal activity in the future cannot avoid the costs directly related to the restoration of property damaged in the course of recovering stolen items,